UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIE SPICER,

    Plaintiff,

v.                                                       Case No: 8:16-CV-3084-T-27AEP

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** are Defendant's Amended Motion to Dismiss or, in the Alternative, to Transfer Venue to a More Convenient Forum (Dkt. 15), and Plaintiff's Amended Response and Memorandum of Law in Opposition (Dkt. 16). Upon Consideration, Defendant's Motion to Dismiss is **GRANTED**.

**I. Background**

On or about July 15, 2014, Plaintiff Marie Spicer was involved in a car accident with a vehicle owned by Kristina Boggs Hart and operated by Blake Thaxton (Dkt. 2, ¶ 2). Plaintiff alleges the accident resulted in bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition (Dkt. 2, ¶ 5). Plaintiff alleges that Thaxton's and Hart's insurance coverage is insufficient to cover her damages, and therefore that she is eligible for payment from her own underinsured motorist coverage. Defendant Allstate has declined coverage.

1

## II. Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." At a motion to dismiss, all allegations are accepted as true and viewed in the light most favorable to the Plaintiff. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). For a complaint to survive dismissal for failure to state a claim under Rule 12(b)(6), it does not need to prove that the plaintiff is likely to prevail, it must only allege plausible grounds for the complaint to stand on. *See Jackam v. Hosp. Corp. Of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579-80 (11th Cir. 1986). A complaint must seek to establish a plausible argument and give proper notice to the defendant, but it does not require detailed factual allegations to survive a motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## III. Discussion

### A. Governing Law

Defendant contends that because the policy was written in Tennessee, delivered in Tennessee, and "insures vehicles principally garaged and used within Tennessee" (Dkt. 15, ¶ 2), and pursuant to the choice of law clause in the Tennessee Endorsement, the contract should be governed by Tennessee law. Plaintiff contends that Florida law governs her claims because the insurance policy she was provided by the adjuster lacks the Tennessee Endorsement and choice of law provision and therefore, Defendant should be equitably estopped from relying on it. (Dkt. 16, pp. 2-4).

The choice of law clause states that claims originating outside Tennessee "may be governed by the laws of the jurisdiction in which that covered loss to the auto, covered auto accident, or other covered occurrence happened, only if the laws of that jurisdiction would apply in the absence of a

contractual choice of law provision such as this." (Dkt. 15, Exhibit A, p. 38).

Plaintiff purports to rely on a version of the policy she asserts does not include the Tennessee Endorsement or the choice of law clause, but has failed to provide it to the court. Therefore, the only policy before the court includes a choice of law endorsement that provides for the application of Tennessee law because Florida contract law follows the principle of *lex loci contractus*.[1] Because it is undisputed that the insurance policy was executed in Tennessee, Florida's choice of law policy dictates that Tennessee law applies. Plaintiff makes no argument to the contrary, and therefore Tennessee law controls.

### B. Breach of Policy Claim

Plaintiff brings this lawsuit for underinsured motorist benefits. Under Tennessee law, such cases must be filed against the motorist, not the insurance company. Tenn. Code Ann. § 56-7-1206 (West). It is established that "[u]nder ordinary circumstances, suit may not be brought directly against the uninsured motorist insurance company." *Webster v. Harris*, 727 S.W.2d 248, 251 (Tenn. Ct. App. 1987). As such, this claim will be dismissed.

### C. Bad Faith Claim

Plaintiff contends that Florida law governs the bad faith claim and that the claim has been brought in compliance with the law of that state. Defendant contends that Tenn. Code Ann. § 56-7-105 controls in this instance. For the reasons stated, the bad faith claim is governed by Tennessee law. Tennessee does not recognize a claim for bad faith. *Leverette v. Tennessee Farmers Mut. Ins. Co.*, No. M2011-00264-COA-R3CV, 2013 WL 817230 (Tenn. Ct. App. Mar. 4, 2013). This claim

---

[1] Contracts in Florida are governed by the law of the jurisdiction in which they were entered into. *State Farm Mut. Auto. Ins. Co. v. Duckworth*, 648 F.3d 1216, 1218 (11th Cir. 2011).

will therefore be dismissed.

## IV. Conclusion

Accordingly, Defendant's Amended Motion to Dismiss (Dkt. 15) is **GRANTED**. Plaintiff's claims are **DISMISSED with prejudice**.

**DONE AND ORDERED** this  /st  day of August, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

4