UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIE SPICER,

    Plaintiff,

v.                                      Case No: 8:16-CV-3084-T-27AEP

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** are Plaintiff's Motion and Incorporated Memorandum of Law for Relief from the Court's August 1, 2017 Order (Dkt. 21), and Defendant's response (Dkt. 23). Upon Consideration, the Motion is **DENIED**.

### I.    PROCEDURAL BACKGROUND

On November 1, 2016, Defendant removed this action, and on November 8, 2016, filed its first motion to dismiss, purporting to rely on an insurance policy that included a choice of law clause in the "Tennessee Endorsement." (Dkt. 3). Plaintiff responded in opposition, disputing that the "Tennessee Endorsement" is applicable in this case and instead contending that "Florida law applies to both her UM and Bad Faith claims pursuant to the contract language of the policy relevant to this matter." The motion to dismiss was denied without prejudice because "[o]ddly . . . neither Plaintiff nor Defendant ha[d] attached the 'controlling policy' to any of their pleadings." (Dkt. 14).

On March 22, 2017, Defendant filed an Amended Motion to Dismiss, attaching a certified copy of the insurance policy, which included the "Tennessee Endorsement" and choice of law clause.

1

(Dkt. 15). On April 4, 2017, Plaintiff responded, again purporting to rely on a version of the policy she asserted does not include the "Tennessee Endorsement" or the choice of law clause and arguing that Defendant should be equitably estopped from relying on its version of the policy. (Dkt. 16). However, no exhibits, including her version of the policy, were attached to the response or otherwise filed. On May 3, 2017, Plaintiff filed a Notice of Filing Supplemental Exhibit to Plaintiff's Amended Response (Dkt. 18), but again no exhibits were attached or otherwise filed.

On August 1, 2017, Defendant's Amended Motion to Dismiss was granted, the Court finding that Tennessee law applied and dismissing Plaintiff's breach of contract and bad faith claims with prejudice. (Dkt. 19). With respect to the governing law, the Order stated:

> Therefore, the only policy before the court includes a choice of law endorsement that provides for the application of Tennessee law because Florida contract law follows the principle of *lex loci contractus*. Because it is undisputed that the insurance policy was executed in Tennessee, Florida's choice of law policy dictates that Tennessee law applies. Plaintiff makes no argument to the contrary, and therefore Tennessee law controls.

On August 10, 2017, Plaintiff filed the instant motion to vacate the August 1 Order, explaining that Plaintiff's counsel's legal secretary failed to file the exhibits, instead only serving them only on counsel for the Defendant, because she deemed the exhibits discovery.[1] (Dkts. 21 at 3; 21-2). Plaintiff argues this constitutes excusable neglect. It does not.

## II. STANDARD

Fed. R. Civ. P. 60(b) provides that upon "just terms," the court may relieve a party from final

---

[1] Local Rule 3.03(d) provides:
Requests for the production of documents and other things, matters disclosed pursuant to Fed. R. Civ. P. 26, and requests for admission, and answers and responses thereto, shall not be filed with the Court as a matter of course but may later be filed in whole or in part if necessary to presentation and consideration of a motion to compel, a motion for summary judgment, a motion for injunctive relief, or other similar proceedings.

2

order on several grounds, including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Eleventh Circuit "factor[s] 'the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Norment v. Newton Cty. Sheriff's Dep't*, 352 F. App'x 316, 318 (11th Cir. 2009) (quoting *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996)); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498, 123 L. Ed. 2d 74 (1993). But, this Circuit "'has demonstrated its wariness' of grants of relief from judgment based upon attorney error." *Id.* (quoting *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993)); *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997) (holding that "attorney's misunderstanding of the plain language of a [court] rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline").

## III. DISCUSSION

The circumstances of this case are similar to those in *Norment*. In *Norment*, Plaintiff's counsel claimed he prepared a statement of facts to file in response to a motion for summary judgment as required by the local rules, and delegated to his secretary the task of filing the statement, but "she overlooked [that] particular document." 352 F. App'x at 318. Although, Plaintiff's counsel had notice of the error, he did not seek leave to correct it during the five months the motion for summary judgment was pending. *Id.* The Eleventh Circuit held that the five months counsel waited before attempting to correct his error was "significant." *Id.* And because he had notice of his failure, but made no effort to correct the mistake, the error was "too serious," even if made in good faith, to

3

be considered "excusable neglect." *Id.* The court concluded that the district court did not abuse its discretion in denying Plaintiff's motion for relief from judgment. *Id.*

In this case, notwithstanding that the Order denying Defendant's first motion to dismiss put both parties on notice that they had failed to file the respective insurance policies on which they relied, Plaintiff's counsel failed to file any exhibits, including the insurance policy, in response to Defendant's Amended Motion to Dismiss. And a month later, he failed to file an exhibit with the Notice of Filing Supplemental Exhibit. Approximately four months later, the Defendant's Amended Motion to Dismiss was granted. Only then did Plaintiff's counsel attempt to correct his failure. And, counsel was on notice that the exhibits had not been filed when he received the electronic filing notices. (See Dkt. 23-1). Like in *Norment*, counsel delegated the responsibility of filing exhibits to his legal secretary, who erroneously believed they should not be filed because they constituted discovery.

Based on the four-month delay in counsel's attempt to correct the filing, the holding in *Norment*, and Circuit precedent that cautions against granting relief from judgment based on attorney error, I cannot find that these circumstances constitute excusable neglect. *See also Revere v. McHugh*, 362 F. App'x 993, 999 (11th Cir. 2010) ("Because Revere has failed to present a 'good reason' for her attorney's failure to file exhibits electronically or a 'meritorious defense that might have effected the outcome,' the negligence of Revere's attorney did not constitute excusable neglect.").

Notwithstanding, consideration of the version of the insurance policy Plaintiff attached to this motion does not change the disposition of the Amended Motion to Dismiss. As pointed out in the August 1st Order, Plaintiff did not address Florida's choice of law rules and the principle of *lex loci*

4

*contractus*, instead relying solely on her equitable estoppel argument. Nor did she dispute that the policy was executed in Tennessee.

In the context of contract interpretation, the Florida Supreme Court has "long adhered" to the rule of *lex loci contractus*, which provides that the law of the jurisdiction where the contract was executed governs the rights and liabilities of the parties in determining an issue of insurance coverage. *State Farm Mut. Auto. Ins. Co. v. Roach*, 945 So. 2d 1160, 1163 (Fla. 2006). As noted, it was and is undisputed that the insurance policy was executed in Tennessee, and therefore Florida's choice of law rules dictate that Tennessee law applies. Plaintiff made no argument to the contrary. As such, the Court's determination that Tennessee law applies would have been reached with or without the Tennessee Endorsement.

Accordingly, Plaintiff's Motion and Incorporated Memorandum of Law for Relief from the Court's August 1, 2017 Order (Dkt. 21) is **DENIED**.

**DONE AND ORDERED** this 25th day of September, 2017.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record